### ROBERT HARDIN *v.* THE STATE.

1. STATE'S EVIDENCE — ESTOPPEL.— When the State by her officers has stipulated with a defendant to enter a *nolle prosequi* of the charge against him if he would become a witness for the State against his confederates, and he performs his part of the agreement, he is entitled to have it enforced in the court where the prosecution is pend-

ing. To prosecute him in disregard of the agreement, and leave him to rely on the pardoning power, is not in good faith nor in compliance with the agreement.

2. SAME.—Appellant was arrested for horse-theft and taken before a justice of the peace, who, in the absence of the regular prosecuting officer, appointed an attorney to represent the State at the examining trial. The prosecution being about to collapse for want of evidence against the appellant, the counsel for the State, with the approval of the justice, agreed with appellant to dismiss the case if he would become State's evidence against one S., who he said was a *particeps criminis*. In pursuance of the agreement the appellant swore out a warrant against S., who, on appellant's testimony, was held to bail. At the next term of the District Court the appellant testified before the grand jury against S., but no indictment was presented against the latter. At appellant's trial for the theft he filed a special plea setting up the above stated facts, but the trial court overruled the plea on a demurrer to it filed by the district attorney, who was not a party to the agreement with the appellant. *Held*, that the allegations of the special plea, if true, estopped the State from further prosecuting the case against the appellant, and it was error to sustain the demurrer to his plea.

APPEAL from the District Court of Hopkins. Tried below before the Hon. G. J. CLARK.

A term of ten years in the penitentiary was the punishment awarded the appellant. Everything relevant to the rulings of this court appears in the opinion.

*Hunter, Putnam & Crawford*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J. The appellant Hardin was convicted of the theft of a horse. By way of estoppel, the appellant interposed, in a written plea, these facts: "And now comes Robt. Hardin, defendant herein, and says the State ought not to prosecute this indictment against him, because he says that heretofore, to wit, on the 12th day of December, 1881, he, defendant, and one George Simpson were duly arrested by virtue of a warrant issued by J. W.

Crabtree, a justice of the peace, in and for Hopkins
county, Texas; and on the 16th day of December, 1881,
put upon trial for the theft of the same horse, the same
being the horse that this defendant is herein charged with
stealing; and defendant says that Seth W. Stewart, an
attorney at law, was duly appointed by the court, in the
absence of the county attorney, to represent the State in
said cause, and the said Seth W. Stewart, acting for the
State as aforesaid, finding that the parties had been
arrested only on suspicion, and there being positively no
evidence upon which to base a conviction; and believing
that the said George Simpson was really the guilty party
if either was, and that the case could not be made out
against him (Simpson) without the evidence of this de-
fendant, after a consultation with the justice of the peace
and with W. B. Leach, counsel appointed by the court for
this defendant, the said Stewart made an agreement with
this defendant (Hardin) that he, the said Stewart, would
enter a *nolle prosequi* in the case as to this defendant, if
defendant would well and truly testify as a witness for
the State in the case against the said George Simpson,
and honestly and fairly tell all he knew about the case;
and defendant says that this proposition was accepted by
him, and that he did testify fairly on said examining trial
before Justice of the Peace J. W. Crabtree; and defend-
ant further says that when he was brought out of the
jail into court to testify in said case that the said justice
of the peace did then and there tell him that if he would
then honestly, faithfully and truly tell all he knew about
the case, that he would be exempt from further prosecu-
tion; and defendant says, in pursuance of this agreement,
and relying upon the promise made him by the State's
officers, that he, defendant, promptly testified in the case
against his co-defendant, George Simpson, and fairly
and honestly told all he knew about the case. And de-
fendant says that the said George Simpson was held on

his evidence to await the action of the grand jury in said
case, and that he, defendant, was held in custody, as he
thought, as a witness for the State in said cause; and de-
fendant says that he was carried before the grand jury in
this case and fairly and honestly and truly told them all
he knew about the case, and has never refused at any
time to testify in the case; telling all he knew, keeping
back nothing; and defendant says, notwithstanding he
has been always ready and willing to testify in the case,
that he, defendant, is now charged and held to answer the
State of Texas in this indictment for the theft of the
same horse that he, defendant, and his co-defendant
George Simpson was charged with stealing as aforesaid;
whereupon defendant enters this, his special plea, and says
that the State ought not further to prosecute this case
against him."

To this plea the district attorney demurred, and the
court sustained the demurrer; to which the defendant ex-
cepted. We are aware that the great weight of authori-
ties is to the effect that this plea cannot be interposed,
but that the defendant must look to executive clemency.
This, we think, is not correct in principle. If the State,
through her officers, makes a solemn compact with her
citizen, this contract should be enforced in the courts, in
exact compliance with its terms. The agreement or con-
tract (the defendant complying faithfully with his part)
is in effect that the defendant should not be prosecuted.
Upon what principle of justice is he driven from the
court to his excellency the governor for an enforcement of
this compact? We are of the opinion that common hon-
esty and public justice demand that when such a contract
is made and the party faithfully complies, as far as is within
his power, the court in which the breach is attempted
should interpose and prevent the breach by enforcing the
contract, and should not drive the party out of the court
to seek relief elsewhere. The principles enunciated in

*Bowden* v. *State,* 1 Texas Ct. App. 137, we think are sound.

The court erred in sustaining the demurrer to this special plea; for which the judgment is reversed and the cause remanded.